UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSE ALVAREZ,<br><br>Petitioner(s),<br>v.<br><br>WARDEN NORTHWEST ICE PROCESSING CENTER, et al.,<br><br>Respondent(s). | CASE NO. C26-3837-KKE<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Petitioner's motion for temporary restraining order ("TRO") filed on October 9, 2026. Dkt. No. 2. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

Petitioner filed the motion for TRO contemporaneously with his petition for writ of habeas corpus. Dkt. Nos. 1, 2. The Court subsequently issued a scheduling order, requiring (among other things) that the Government provide notice to Petitioner and any counsel of any intent to transfer Petitioner from this judicial district or remove him from the United States while the petition is pending. Dkt. No. 5.

Petitioner requests "expedited consideration of his accompanying habeas petition and a prompt determination of the legal authority supporting his continued detention." Dkt. No. 2 at 2. Petitioner is the father of a five-year-old son. *Id.* at 1. The child's mother passed away in 2024. *Id.* Thus, Petitioner seeks expedited review where his minor son has been left without a caretaker. *Id.* at 1–2. In light of these exigent circumstances and finding good cause, the Court GRANTS Petitioner's request for expedited consideration of his petition and ORDERS Respondents to file

a return on an expedited basis. Respondents' return shall be filed no later than October 16, 2026. *See generally Jawara v. Blanche*, No. C26-1252-KKE, 2026 WL 1011184, at *1 (W.D. Wash. Apr. 14, 2026) (granting motion for expedited briefing and "order[ing] Respondents to file a return to the petition on an expedited basis"). Because Petitioner is representing himself and filing and receiving materials by mail, Petitioner shall file any traverse no later than October 30, 2026. The briefing schedule contained in Dkt. No. 5 is VACATED.

Petitioner also requests that the Court "temporarily restrain removal for a limited period necessary to consider the properly presented emergency request." Dkt. No. 2 at 3. Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The Court finds that Petitioner has not shown that he is entitled to the extraordinary relief requested because the Court's scheduling order provides adequate protection against imminent harm in the form of transfer or removal while his petition is pending. Accordingly, the Court DENIES Petitioner's request to temporarily restrain removal and will proceed to consider the merits of the petition in due course. Dkt. No. 2.

Accordingly, the motion for TRO is GRANTED IN PART and DENIED IN PART. Dkt. No. 2. Respondents are ORDERED to file a return no later than October 16, 2026, and Petitioner shall file any traverse no later than October 30, 2026.

Dated this 9th day of October, 2026.

Kymberly K. Evanson
United States District Judge